UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS SHIRLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-cv-00467 |
| AMANDA HYNES-SIMMS, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Ascertain Status (Doc. No. 16), Motion to Amend Complaint (Doc. No. 17), and an "Affidavit for Charge/Criminal Felony" (Doc. No. 18) filed by pro se Plaintiff Thomas Shirley.

By Order and accompanying Memorandum entered on August 11, 2021, the Court granted Plaintiff's application to proceed in forma pauperis; granted Plaintiff's motions to amend; denied Plaintiff's motions for temporary restraining orders; conducted the screening of the complaint as required the Prison Litigation Reform Act, ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A; and dismissed Plaintiff's claims under 42 U.S.C. § 1983 against Commissioner Tony Parker and Centurion Corp. (Doc. Nos. 14 and 15). Further, the Court determined that the complaint states a colorable retaliation claim under Section 1983 against Defendant Britney Hill and colorable equal protection claims under Section 1983 against Defendants Michael Parris, Stacy Oakes, and Jones, Amanda Hynes-Simms, Kevin Wall, f/n/u Mason, Brandon Robinson, f/n/u Delk, Hill, Tara Harvey, and Amber Switzer. (Id.) Additionally, the Court found that the complaint alleges facts that could be viewed as stating colorable excessive force claims under Section 1983 against the as-yet identified correctional officers who "beat" Plaintiff twice daily for a two-month period;

1

therefore, the Court permitted Plaintiff to amend his complaint, if desired, to name those correctional officers as defendants to this action in their individual capacities. (Id.) The Court also permitted Plaintiff to amend his complaint, if desired, to more fully develop his Eighth Amendment claims pertaining to mattresses, shoes, meals, cleaning supplies, and mental health treatment. (Id.)

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded

factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

Having screened Plaintiff's original complaint previously, herein the Court will screen only the new claims alleged by Plaintiff in his amended complaint.

**II.     Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

3

**III.    Alleged Facts**

The Court previously set forth the alleged facts supporting Plaintiff's retaliation claim under Section 1983 against Defendant Britney Hill and equal protection claims under Section 1983 against Defendants Michael Parris, Stacy Oakes, and Steve Jones, Amanda Hynes-Simms, Kevin Wall, f/n/u Mason, Brandon Robinson, f/n/u Delk, Britney Hill, Tara Harvey, and Amber Switzer. The Court need not repeat those allegations here as the Court already has determined those allegations state colorable claims.

According to the complaint and amended complaint, while incarcerated at MCCX, Defendants Jones, Oakes, Parris, and Delk have refused to give Plaintiff cleaning supplies for the past 60 days. (Doc. No. 1 at 4). The deprivation of cleaning supplies "causes crabs and lice, and bugs to flourish in [Plaintiff's] cell and cell shower drain[,] and fumes of germ/dirt/air, filth, and diseases" lead Plaintiff to experience shortness of breath and fainting spells as well as problems with crabs and lice that itch and cause "blood and sores on [his] genitals." (Doc. No. 17 at 1). In addition, Jones, Oakes, and Robinson will not permit Plaintiff to get a haircut that allows the "lice and crabs that are in [his] hair [to] flourish." (Id. at 1-2). Plaintiff is experiencing pain from the infestation. (Id. at 2).

Additionally, according to Plaintiff, he is not allowed a mattress or shoes. (Doc. No. 1 at 5.) Plaintiff "is in pain with no shoes, barefoot and sleeping on a metal slab." (Id.) Defendants Jones, Oakes, Paris, Robinson, and Delk are responsible for this deprivation. (Doc. No. 17 at 1).

The complaint further alleges that Plaintiff is "literally dying . . . of malnutrition" because he refuses to eat the meals provided to him. (Doc. No. 1 at 5). Defendants Robinson, Delk, Jones, Oakes, Parris, and Hynes-Simms hire and permit C-Pod and D-Pod workers "who purposefully and spitefully tamper with B-Pod mental health inmates' food." (Doc. No. 17 at 2). The tampered

4

food has caused Plaintiff to experience stomach pain and diarrhea "and creates a scenario where Plaintiff can't eat." (Id.) In addition, C-Pod and D-Pod workers closed Plaintiff's hand in the food flap, causing injury, and threw feces at Plaintiff. (Id.)

Plaintiff also alleges that Defendants Jones, Oakes, Hynes-Simms, Hill, and Parris have prevented Plaintiff from participating in mandatory therapy and receiving needed mental health treatment generally. (Doc. No. 1 at 13; Doc. No. 17 at 2). When Plaintiff "asked for help with suicide issues," for example, Defendants ignored him (Doc. No. 11 at 3) and Hill told Plaintiff to kill himself (Doc. No. 17 at 3).

## IV. Analysis

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care, including mental health care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving standards of decency.'" McKissic v Barr, No. 1:20-cv-526, 2020 WL 3496432, at *3 (W.D. Mich. June 29, 2020) (quoting Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981)); see also Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346).

To prevail on an Eighth Amendment claim, a prisoner must show that he or she faced a sufficiently serious risk to health or safety and that the defendant official acted with "'deliberate

5

indifference' to [the prisoner's] health or safety." Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing Farmer, 511 U.S. at 834) (applying deliberate indifference standard to medical claims); see also Helling v. McKinney, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Deliberate indifference requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer, 511 U.S. at 837). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. Farmer, 511 U.S. at 835, 839-40.

The complaint as amended alleges that several distinct conditions of Plaintiff's confinement violate the Eighth Amendment. Plaintiff has identified the Defendants allegedly responsible for these violations and has alleged that he has suffered, and is suffering, harm because of these violations. Plaintiff alleges that Defendants acted with "sheer deliberate indifference." (Doc. No. 1 at 4).

The Court therefore finds that the complaint as amended states colorable Eighth Amendment claims under Section 1983 as follows: conditions of confinement claims against Defendants Oakes, Jones, Parris, and Delk in their individual capacities based on the failure to provide Plaintiff with a mattress or shoes; conditions of confinement claims against Defendants Jones, Oakes, and Robinson in their individual capacities based on the failure to provide Plaintiff with cleaning supplies or haircuts; conditions of confinement claims against Defendants Robinson, Delk, Jones, Oaks, Hynes-Simms, and Parris in their individual capacities based on Plaintiff's meals and meal delivery; deliberate indifference claims against Defendants Jones, Oakes, Hynes-Simms, Hill, and Parris in their individual capacities based on the lack of mental health treatment

afforded Plaintiff. These claims will proceed, along with the others identified in the Court's Order and Memorandum of August 11, 2021 (Doc. Nos. 14 and 15) and recited herein (see supra page 1), for further development. Plaintiff ultimately is responsible for proving these claims.

## V. Affidavit for Charge/Criminal Felony

Plaintiff also filed an "Affidavit for Charge/Criminal Felony." (Doc. No. 18). To the extent that Plaintiff asks the Court to initiate criminal charges against certain individuals and entities on his behalf, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Williams v. Luttrell, 99 F. App'x 705, 707 (6th Cir. 2004). "While a citizen may make a complaint regarding suspected criminal conduct to the proper authorities, the choice to bring criminal charges pursuant to Tennessee law is left to the discretion of the appropriate District Attorney General." Sanford v. Armour, No. 19-1270-JDT-cgc, 2020 WL 4369452, at *10 (July 30, 2020). This Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

## VI. Conclusion

For the reasons explained herein, Plaintiff's Motion to Amend/Correct Complaint (Doc. No. 17) will be granted. The Court finds that the complaint as amended states colorable Eighth Amendment claims under Section 1983 as follows: conditions of confinement claims against Defendants Oakes, Jones, Parris, and Delk in their individual capacities based on the failure to provide Plaintiff with a mattress or shoes; conditions of confinement claims against Defendants Jones, Oakes, and Robinson in their individual capacities based on the failure to provide Plaintiff

with cleaning supplies or haircuts; conditions of confinement claims against Defendants Robinson, Delk, Jones, Oaks, Hynes-Simms, and Parris in their individual capacities based on Plaintiff's meals and meal delivery; deliberate indifference claims against Defendants Jones, Oakes, Hynes-Simms, Hill, and Parris in their individual capacities based on the lack of mental health treatment afforded Plaintiff.

Plaintiff's Motion to Ascertain Status (Doc. No. 16) will be granted.

With respect to Plaintiff's "Affidavit for Charge/Criminal Felony" (Doc. No. 18), the Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE